[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14173

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE REBOLLEDO-ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00074-WFJ-AEP-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Rebolledo-Estupinan challenges the revocation of his supervised release and the resulting 60-month sentence of imprisonment. He raises three arguments on appeal. First, the district court plainly erred in holding him accountable under the terms of his supervised release after he was deported. Second, the conditions of his supervised release were waived upon his deportation from the United States. Third, the district court abused its discretion when it applied an upward variance, improperly weighed the factors under 18 U.S.C. § 3553(a), and gave him a substantively unreasonable sentence. On the other hand, the government contends that he invited any error with respect to the revocation of his supervised release and that his sentence was reasonable.

I.

In 2005, Rebolledo-Estupinan was convicted of two drug-related offenses and sentenced to a total of 168 months' imprisonment, a downward variance from the Sentencing Guidelines range, followed by 5 years on supervised release. In April 2016, he was released, and his supervised release period commenced. It included mandatory conditions such as a prohibition against "commit[ting] another federal, state or local crime" and "illegally possess[ing] a controlled substance." It also contained a special condition of his supervision that "supervision is waived upon deportation."

In October 2019, American law enforcement officials intercepted and boarded a semi-submersible vessel suspected of smuggling drugs in international waters off the coast of Guatemala. The vessel was subjected to the United States' jurisdiction, and law enforcement found aboard Rebolledo-Estupinan, who served as the mechanic of the vessel, and three other crew members. The enforcement officials' search of the boat uncovered 100 bales of cocaine that weighed 2,295 kilograms. In November 2019, Rebolledo-Estupinan was sentenced to 240 months' imprisonment, a downward variance from the calculated guideline range of 262 to 327 months, to be served consecutively with whatever sentence was later imposed at the supervised release revocation proceedings.

In 2020, at the supervised release revocation hearing, Rebolledo-Estupinan pled guilty to all three charges set forth in the revocation petition, and the district court found him guilty. Rebolledo-Estupinan argued that he became involved in the drug operation because the individuals who hired him appeared to be threatening his family. He also stated that he could not find other work when he was released from prison in 2019. The district court, considering Rebolledo-Estupinan's criminal history, his "very sophisticated part" of the drug operation, and his use of mechanic skills that he learned during prison to further the drug operation, applied a § 3553(a) upward variance and therefore sentenced Rebolledo-Estupinan to 60 months' imprisonment to be served consecutively with his sentence for the drug offenses.

II.

Generally, we review a district court's revocation of supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, when there is no objection in the district court, we review such issues for plain error. *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (per curiam); Fed. R. Crim. P. 52(b). Under plain error review, the defendant has the burden to show that "there is (1) error (2) that is plain and (3) that affects substantial rights." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks omitted and alteration adopted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted and alteration adopted). A defendant's substantial rights are impacted when the district court's error affected the outcome of the proceedings below. *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (per curiam).

After considering certain factors under 18 U.S.C. § 3553(a), a district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated the terms of his release. 18 U.S.C. § 3583(e)(3). The district court may

20-14173                Opinion of the Court                5

require the defendant to serve in prison the entire term of supervised release, up to five years for class A felonies, without crediting him for time that he already served on supervised release. *Id.* A mandatory condition of any federal defendant's supervised release is that the defendant must not commit further crimes while on release. *Id.* § 3583(d).

Neither we nor the Supreme Court have interpreted the meaning of "supervision" in the context of whether the conditions of supervision apply when a judgment states that supervision is "waived" upon deportation. However, we have held that, if the provisions of supervised release require a defendant to remain outside the United States, the district court cannot toll the defendant's conditions of release while the defendant is outside the country because "a defendant [cannot] be excluded from the United States as a *condition* of supervised release while, at the same time . . . all conditions of supervised release [are] suspended for the duration of that exclusion." *United States v. Okoko*, 365 F.3d 962, 966 (11th Cir. 2004) (emphasis in original).

On appeal, Rebolledo-Estupinan argues that the language of his 2005 judgment shows that he was not subject to the conditions of his release post-deportation. He admits that he committed the offenses of which he is accused, but he contends that: the district court "waived" his supervision upon his deportation. To "waive" something means to not enforce it; and thus, he was not subject to the conditions of his supervised release after he was deported. He acknowledges that his claim will be reviewed for plain error but

contends that the district court plainly erred based on the language of the judgment.  He contends that this error impacted his substantial rights because he received a five-year prison sentence as a result and that this unnecessary deprivation of liberty satisfies the plain error requirement that an error undermines the fairness or integrity of the process.

Upon review, Rebolledo-Estupinan's claim fails because he has not shown that the district court erred or that any error was plain.  The judgment itself does not make it plain that "supervision waived upon deportation" meant both that (1) the terms of Rebolledo-Estupinan's supervision were waived, not just the act of supervising him, and (2) the waiver included all of the conditions of release, including those made mandatory by statute, such as the bar on committing further crimes.  Because neither the Supreme Court nor we have stated that "supervision" in this context includes all of the conditions of supervision and that such a clause waives all other terms of release, the district court did not plainly err.

## II.

We review a sentence's reasonableness for abuse of discretion, regardless of whether that sentence falls inside or outside of the guideline range.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.

2010). Under this standard, we may affirm a sentence even though we would have imposed a different sentence had we been in the district court's position. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

A sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021) (per curiam). We "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), and the district court is "permitted to attach great weight to one factor over others," *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (internal quotation marks omitted).

We will vacate a district court's sentence "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quoting *Irey*, 612 F.3d at 1190). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.*

Section § 3553(a)'s "overarching" instruction to sentencing courts is that any sentence, whether within the Guidelines range or through a variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see also Gall*, 552 U.S. at 51 (stating that whether a sentence falls inside or outside the Guidelines range, the district court must consider the § 3553(a) factors). When imposing a sentence upon revocation of supervised release, the district court considers the following § 3553(a) factors: the nature and circumstances of the offense; the defendant's history and characteristics; the sentences available and relevant sentencing range; the need to deter criminal conduct, protect the public, provide the defendant with training or other correctional treatment, avoid disparities between defendants, and provide for restitution; and any pertinent policy statements.    18 U.S.C.  §§ 3583(e)(3), 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).  The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence.  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Rebolledo-Estupinan argues that the district court abused its discretion by committing a clear error of judgment in weighing certain 18 U.S.C. § 3553(a) factors, resulting in a substantively unreasonable sentence.  He further asserts that it gave too much weight to his being a mechanic on the boat where he was found, receiving training on trucks and engines, participating in two offenses with large amounts of illegal drugs, and illegally possessing a cell phone

while he was in prison. He states that the district court failed to consider the totality of the circumstances such as his overall good behavior in prison, taking classes while incarcerated, and cooperating with the prosecution.

The district court did not abuse its discretion and impose a substantively unreasonable sentence when it varied upward from the guideline range because the court did not fail to consider relevant factors, did not give significant weight to an improper factor, and did not clearly err in considering proper factors. *Taylor*, 997 F.3d at 1355. In determining that the guideline range was not sufficient, the court considered several § 3553(a) factors, including the seriousness of the offense, which involved a substantial amount of drugs, and his failure to be deterred by his original sentence that had been the result of a downward variance.

Although Rebolledo-Estupinan contends that, in discussing his cell phone infraction while in prison, the district court failed to weigh that fact in light of other mitigating evidence, such as taking classes while incarcerated, the district court was not required to discuss all the mitigating evidence at the hearing. *See Amedeo*, 487 F.3d at 833. Further, contrary to his arguments on appeal, the district court was entitled to consider his role in the offense as the ship's mechanic and the use of his special skills during the offense as part of its evaluation of the relevant § 3553(a) factors. *Tome*, 611 F.3d at 1378. Finally, although Rebolledo-Estupinan argues that he committed his crimes out of fear of violence, there is no record evidence to support that proposition. Accordingly, we affirm.

10                    Opinion of the Court                    20-14173

AFFIRMED.